United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY HARRISON, et al.,
Plaintiffs,

v.

COUNTY OF SAN MATEO, et al.,
Defendants.

Case No. 25-cv-11087-AMO

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 26

Plaintiffs Gary and Susan Harrison bring this Section 1983 case after their son Kyle Harrison died in custody at Maple Street Correctional Center, a San Mateo County jail, on March 15, 2025.[1] Defendants County of San Mateo (also sued herein as San Mateo County Correctional Health Services ("CHS")), Sheriff Christina Corpus, Deputy Sheriff Trainee Maxwell Rauenbuehler, CHS Director Michael Del Rosario, and Nurse Anthony Arellano's motion to dismiss was heard before this Court on November 5, 2026. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court **GRANTS** in part and **DENIES** in part the motion to dismiss.

Plaintiffs allege eight claims for relief: (1) failure to provide medical care and (2) failure to protect from harm in violation of the Eighth Amendment of the U.S. Constitution; (3) deprivation of substantive due process by loss of parent/child relationship in violation of the First and Fourteenth Amendments of the U.S. Constitution; (4) medical malpractice; (5) failure to furnish medical care under Sections 844.6 and 845.6 of the California Government Code; (6) negligent

[1] In this Order, the Court refers to Kyle Harrison as "Harrison" and refers to Gary and Susan Harrison as "Plaintiffs."

supervision, training, hiring, and retention; (7) wrongful death under Section 377.60 of the California Code of Civil Procedure; and (8) negligence. The Court assumes familiarity with the factual allegations underlying these several claims, as well as the parties' briefs related to Defendants' instant motion. Defendants move to dismiss each of the eight claims and all Doe Defendants. Additionally, Defendants move to strike Plaintiffs' requests for punitive damages, attorneys' fees, and lost wages. The Court rules on the challenges to each claim in turn, before turning to the Doe Defendants and motion to strike.

<u>Failure to Provide Medical Care & Failure to Protect from Harm</u>: The Court **GRANTS** the motion to dismiss the Eighth Amendment claims against Corpus and Rosario because Plaintiffs fail to allege that Rosario and Corpus had the requisite knowledge to act with deliberate indifference when they implemented inadequate policies. *See Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014); *Lozano v. Cnty. of Santa Clara*, No. 19-CV-02634-EMC, 2019 WL 6841215, at *13 (N.D. Cal. Dec. 16, 2019), *aff'd*, No. 20-15992, 2021 WL 4077000 (9th Cir. Sept. 8, 2021). The Court **GRANTS** the motion to dismiss the claims against Rauenbuehler because Plaintiffs fail to allege facts to support an inference that Rauenbuehler purposefully acted when he missed the health check, or that he failed to provide medical care. *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The Court **DENIES** the motion to dismiss the claims against Defendant Arellano because Plaintiffs pleaded sufficient facts to support an inference that "the course of treatment [Arellano] chose was medically unacceptable under the circumstances" and that "[he] chose this course in conscious disregard of an excessive risk to [Harrison]'s health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The Court **GRANTS** the motion to dismiss the constitutional claims against the County and CHS for failure to adequately plead the existence of a practice or custom to establish *Monell* liability. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988).

<u>Deprivation of Substantive Due Process</u>: Regarding the substantive due process claim, the Court **DENIES** Defendants' motion to dismiss for lack of standing because Plaintiffs' allegations evidence a sufficiently close, constitutionally-protected relationship and commitment to

maintaining Plaintiffs' bond with their son. *Mann v. City of Sacramento*, 748 F. App'x 112, 114-15 (9th Cir. 2018). Because Plaintiffs have not alleged facts to support an inference that Corpus's, Rosario's, or Rauenbuehler's conduct "shocks the conscience," *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013), it **GRANTS** the motion to dismiss the substantive due process claim against them. The Court **DENIES** the motion to dismiss the substantive due process claim against Arellano because Plaintiffs have alleged sufficient facts his conduct shocks the conscience. *Id.* The Court **GRANTS** the motion to dismiss the substantive due process claim against the County and CHS for failure to allege a pattern or practice of substantive due process violations as required for *Monell* liability. *See Trevino*, 99 F.3d at 918.

Medical Malpractice: The Court **GRANTS** the motion to dismiss the medical malpractice claim against the County and CHS because they are immune from liability under Sections 815 and 844.6 of the California Government Code. *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1061 (2013). The Court **GRANTS** the motion to dismiss the same claim against Rosario because Plaintiffs do not establish that Rosario owed Harrison the professional duty of care necessary for medical malpractice liability to attach. *Borrayo v. Avery*, 2 Cal. App. 5th 304, 310 (2016). The Court **DENIES** the motion to dismiss the medical malpractice claim against Arellano because Plaintiffs adequately allege facts to support the necessary elements of a medical malpractice claim. *Id.*

Failure to Summon Medical Care: The Court **GRANTS** the motion to dismiss the failure to summon medical care claim against Arellano because Plaintiffs fail to allege that Arellano knew Harrison was in need of immediate medical care or failed to summon medical care. *Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993). On the other hand, the Court **DENIES** the motion to dismiss the claim against Rauenbeuhler because Plaintiffs adequately allege that Rauenbuehler should have known that Harrison was in need of immediate medical care and failed to summon or furnish medical care. *Id.* The Court **DENIES** the motion to dismiss the claim for failure to summon medical care against Rosario because, as noted below, Plaintiffs allege sufficient facts to support an inference of Rosario's liability for negligent supervision, training, hiring, and retention related to jail employees' failure to summon medical care. *Villarreal v. Cnty.*

*of Monterey*, 254 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017).

Negligent Supervision: The Court **DENIES** Defendants' motion to dismiss the negligent supervision claim because, contrary to their assertions that the claim fails as a matter of law, Section 845.6 of the California Government Code permits claims against public entities and prison officials for negligent supervision and training as they relate to the failure to train or supervise employees regarding furnishing or summoning medical care. *Villarreal*, 254 F. Supp. 3d at 1189-90.

Wrongful Death: The Court **DENIES** the motion to dismiss the wrongful death claim against the County and CHS because public entities may be liable for wrongful death where the death, like here, was caused by failure to provide or summon medical care. *Villarreal*, 254 F. Supp. 3d at 1187. The Court **DENIES** the motion to dismiss the claim against Rosario, Corpus, and Rauenbuehler because a wrongful death claim may be predicated on negligence or other tortious conduct, including deliberate indifference under Section 1983 and failure to summon medical care under California Government Code Section 845.6. *See Est. of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1118 (E.D. Cal. 2013); *Resendiz v. Cnty. of Monterey*, No. 14-CV-05495-LHK, 2015 WL 3988495, at *8 (N.D. Cal. June 30, 2015).

Negligence: The Court **DENIES** the motion to dismiss the negligence claim against the County and Corpus because Plaintiffs adequately allege sufficient facts to support an inference that employees' negligent performance of safety checks constitutes violation of Section 845.6 for failure to summon medical care. *See Pajas v. Cnty. of Monterey*, No. 16-CV-00945-LHK, 2016 WL 3648686, at *17 (N.D. Cal. July 8, 2016). The Court **DENIES** the motion to dismiss the claim against Rauenbuehler because Plaintiffs plead sufficient facts to state a negligence claim.

Doe Defendants: Plaintiffs sufficiently identify Doe defendants to survive the motion to dismiss; thus, the Court **DENIES** the motion to dismiss all Doe defendants. *Wakefield*, 177 F.3d at 1163 ("[W]here the identity of the alleged defendant [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or the complaint would be dismissed on other grounds.") (quoting *Gillespie v. Civiletti*, 629 F.2d 637,

United States District Court
Northern District of California

642 (9th Cir. 1980)).

<u>Damages</u>: The Court **DENIES** the motion to strike punitive damages because the Court cannot conclude on the face of the complaint whether Defendants' alleged actions were motivated evil motive or involved reckless indifference for Section 1983 claims or Defendants acted with malice, oppression, or fraud for the state law claims. *See Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1009 (N.D. Cal. 2014); *Angie M. v. Superior Ct.*, 37 Cal. App. 4th 1217, 1228 (1995). The Court **DENIES** the motion to strike attorneys' fees because Plaintiffs sufficiently pled claims under Section 1983. 42 U.S.C. § 1988(b). The Court **DENIES** the motion to strike Plaintiffs' prayer for lost wages because the determination requires fact-dependent calculations and is subject to discovery and expert opinion. *See Canavin v. Pacific Southwest Airlines*, 148 Cal. App. 3d 512, 520.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). The County and CHS are immune from liability for the medical practice claim as a matter of law and no amendment can cure this deficiency. Accordingly, the medical malpractice claim as raised against the public entities is **DISMISSED WITH PREJUDICE**. Otherwise, the Court **GRANTS LEAVE TO AMEND**. Plaintiffs may file an amended complaint within 28 days of this order. No parties or claims may be added without leave of Court or stipulation of Defendants. Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: November 25, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**